UNITED STATES DISTRICT COURT　　　　　JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1766-DMG (DTBx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | *Brandon Alexander v. Wayfair, LLC, et al.* | Page | 1 of 6 |

Present: The Honorable　　DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| KELLY DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [12] AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [37]**

Before the Court is Plaintiff Brandon Alexander's Motion to Remand and Defendants Wayfair, Inc. and Wayfair, LLC's Motion for Summary Judgment. [Doc. ## 12 ("MTR"), 37 ("MSJ").] The MTR is fully briefed. [Doc. ## 14 ("Opp."), 18 ("Reply")]. For the reasons discussed below, Plaintiff's MTR is **GRANTED** and Defendants' MSJ is **DENIED as moot**.

**I.
PROCEDURAL BACKGROUND**

On July 25, 2023, Plaintiff Brandon Alexander initiated this action in Riverside County Superior Court against Defendants Wayfair, LLC, Wayfair, Inc. (collectively, "Wayfair"), Gabriel Flores, Steven Ni, Christopher Baton, and James Fuentes (collectively, "Individual Defendants"). Notice of Removal ("NOR"), Ex. A [Doc. # 1-2 ("Complaint")]. In his Complaint, Alexander brought the following claims relating to his 2023 termination from Wayfair: (1) wrongful termination in violation of public policy; (2) retaliation in violation of public policy; (3) negligent supervision; (4) failure to maintain a safe workplace in violation of California Labor Code sections 6402, 6404, and 6405; (5) wrongful termination in violation of California Labor Code sections 6310 and 6311; (6) intentional infliction of emotional distress; and (7) unfair business practices in violation of California's Unfair Competition Law.

On August 31, 2023, Wayfair removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. section 1441. Although the Individual Defendants are non-diverse, Defendants assert that this Court has jurisdiction over the matter because the Individual Defendants are "sham defendants." NOR at 6.[1] On October 13, 2023, Alexander filed a motion

---

[1] All page citations herein refer to those inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1766-DMG (DTBx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | *Brandon Alexander v. Wayfair, LLC, et al.* | Page | 2 of 6 |

to remand this case to state court, arguing that the Individual Defendants were properly joined. [Doc # 12 ("MTR")].

## II.
## FACTUAL BACKGROUND

Plaintiff Brandon Alexander was employed as a Warehouse Supervisor for Defendant Wayfair from July 6, 2022 until his termination on February 24, 2023. Compl. ¶¶ 3, 4. During his employment at Wayfair and on two separate occasions, Alexander became aware that an associate he supervised was facing sexual harassment at work. *Id.* ¶¶ 14, 15. In accordance with his "professional and moral obligations," Plaintiff reported both incidents to Defendant Steven Ni in Wayfair's Human Resources ("HR") Department. *Id.* Wayfair's HR department conducted an investigation based on the reports and ultimately terminated Defendant James Fuentes as a result. *Id.* ¶ 16. Wayfair soon terminated Plaintiff as well, however, based on a "breach of policy." *Id.* ¶¶ 17, 19. Wayfair never informed Plaintiff of which policy he allegedly breached, but Alexander believes that his termination was linked to his decision to report the cases of sexual harassment. *Id.* ¶ 18.

## II.
## LEGAL STANDARD

Under 28 U.S.C. section 1332, a district court has jurisdiction over a civil action where the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to a district court where such an action could have been brought. 28 U.S.C. § 1441.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* In considering whether the removing defendant has satisfied its burden, the court may go outside of Plaintiff's pleadings and consider facts in the removal petition. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (internal citation and quotation marks omitted).

An initially non-removable suit "must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable." *People of State of Cal. by and through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). An exception to the voluntary-involuntary rule exists where the non-diverse party has been fraudulently joined. *Graybill-*

UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1766-DMG (DTBx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | *Brandon Alexander v. Wayfair, LLC, et al.* | Page | 3 of 6 |

*Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1119–20 (N.D. Cal. 2011) (citing *Self v. Gen. Motors Corp.*, 588 F.2d 655, 656 (9th Cir. 1978)). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal citation omitted). Under that scenario, the court may ignore the presence of the so-called "sham party" for the purpose of determining the existence of diversity. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citation omitted). There is, however, a "general presumption against fraudulent joinder" in addition to "the strong presumption against removal jurisdiction." *Id.* at 1046.

## III.
## DISCUSSION

Plaintiff argues that remand is appropriate because: (1) the removal was untimely; (2) Defendant did not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000; and (3) all parties are not completely diverse. MTR at 10.

**A.    Timing**

The notice of removal of a civil action must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(b)(1). Here, Alexander filed his complaint in state court on July 25, 2023, but service was not executed until August 1, 2023. Declaration of Melvin L. Felton ("Felton Decl."), Ex. 2 [Doc. # 1-2]. The notice of removal was filed on August 31, 2023, which means that removal was timely.

**B.    Amount in Controversy**

"If it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction." *Gaus*, 980 F.2d at 566– 67 (emphasis in original). In cases where a complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing by a preponderance of the evidence that it is "more likely than not" that the amount in controversy is greater than $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007). "Removal cannot be based simply upon conclusory allegations where the [complaint] is silent" as to the amount of damages." *Id.* "The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | JS-6 |
| Case No. **CV 23-1766-DMG (DTBx)** | | Date **August 19, 2024** |
| Title *Brandon Alexander v. Wayfair, LLC, et al.* | | Page **4 of 6** |

Here, the amount in controversy is not immediately clear from the face of the Complaint. Wayfair contends that the amount in controversy is greater than $75,000 because Plaintiff's Prayer for Relief asks for back pay, front pay, and other special damages. Opp. at 6. Because Alexander was terminated on February 24, 2023, and his salary was $76,000 per year at that time, Wayfair asserts that Alexander's front pay award alone would exceed $75,000. *Id.* Wayfair also points out that Alexander seeks over $25,000 in emotional distress damages alone, in addition to punitive damages. *Id.* Wayfair thus contends that, after aggregating the front pay and emotional distress damages and applying a 1:1 ratio for punitive damages, the total amount in controversy is at least $200,000, not including attorneys' fees. *Id.* at 8. The Court concludes that Wayfair has met its burden to show that the amount in controversy exceeds $75,000.

**C.     Fraudulent Joinder**

The parties do not dispute that the Individual Defendants are not diverse from Plaintiff, but Defendants contend that the Individual Defendants were fraudulently joined and therefore should not be considered for the purpose of determining diversity jurisdiction. Alexander asserts two claims against the Individual Defendants: intentional infliction of emotional distress ("IIED") and unfair business practices.[2]

To determine whether the Individual Defendants were properly joined, the Court must assess whether Alexander *could* state a claim for IIED or unfair business practices against them based on the allegations in his complaint. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). Defendants seeking removal based on fraudulent joinder, however, "must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant[s]." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009); *see also Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999) ("If a court were to apply the standard of Rule 12(b)(6) to the diversity-defeating claim, the court would be ignoring the fact that it has no jurisdiction over that claim."). If there is a "non-fanciful possibility that plaintiff can state a claim under law against the non-diverse defendants[,] the court must remand." *Walker v. Avis Rent A Car System, LLC*, No. CV 15-1241-JAK (ASx), 2015 WL 13751943, at *3 (C.D. Cal. July 6, 2015) (quoting *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1062 (C.D. Cal. 2012) (internal quotations omitted)).

---

[2] Alexander also brings a "claim" for declaratory relief against the Individual Defendants. Declaratory relief is a remedy, however, and is not a separate cause of action. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1120 (9th Cir. 2010).

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-1766-DMG (DTBx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | *Brandon Alexander v. Wayfair, LLC, et al.* | Page | 5 of 6 |

To state a claim for IIED, a plaintiff must allege "extreme and outrageous conduct by defendants with the intent of causing emotional distress." *Conley v. Roman Catholic Archbishop of S.F.*, 85 Cal. App. 4th 1126, 1133 (2000). Alexander alleges that his termination was intended to punish him for reporting the two incidents of sexual harassment, and that the loss of his job has caused him to suffer from great physical and mental pain and suffering. Compl. ¶ 57. In the absence of facts showing that the Individual Defendants' "behavior [went] beyond the act of termination," this allegation, without more, likely is not enough to state a claim for IIED. *See Dagley v. Target Corp., Inc.*, No. CV 09-1330-VBF (AGRx), 2009 WL 910558, at *3 (C.D. Cal. Mar. 31, 2009); *see also FreemanGrove v. Childtime Learning Centers, Inc.*, No. CV 16-0745-JVS (JEMx), 2016 WL 3561773, at *3 (C.D. Cal. June 28, 2016) ("[T]ermination . . . alone does not constitute outrageous conduct."); *Pitman v. City of Oakland*, 197 Cal. App. 3d 1037, 1047 (1988) ("Terminating an employee is not alone sufficient to satisfy the standard for extreme and outrageous conduct.").

Although Alexander's allegations in his Complaint may be insufficient to state a claim for IIED at this time, it is possible that any deficiencies could be cured by amendment. *See Padilla*, 697 F. Supp. 2d at 1159 (granting motion to remand in part because of the possibility that the state court would grant plaintiff leave to amend). For example, it is possible that Alexander might be able to amend his Complaint to show that the Individual Defendants' actions did, in fact, "go[] beyond" just the act of termination. The Court therefore concludes that there is a "non-fanciful possibility" that Plaintiff can advance an IIED claim against the Individual Defendants.

Based on the allegations in Alexander's complaint, the Court cannot conclude that "there is absolutely no possibility" that Plaintiff can state a clam for IIED against the non-diverse Individual Defendants. *See Morales v. Gruma Corp.*, No. CV 13-7341-CAS (FFMx), 2013 WL 6018040, at *3 (C.D. Cal. Nov. 12, 2013) (internal quotations omitted); *see also Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). Accordingly, remand is appropriate, and the Court need not decide whether Plaintiff can state a claim for unfair business practices.

## IV.
## CONCLUSION

In light of the foregoing, Plaintiff's MTR is **GRANTED** and Defendants' MSJ is **DENIED as moot**, and without prejudice to refiling in state court. All trial and trial-related

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA  
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 23-1766-DMG (DTBx) | Date | August 19, 2024 |
|---|---|---|---|
| Title | *Brandon Alexander v. Wayfair, LLC, et al.* | Page | 6 of 6 |

dates and deadlines, including the September 6, 2024 hearing on Defendants' MSJ, are **VACATED**. This action is hereby **REMANDED** to the Riverside County Superior Court.

**IT IS SO ORDERED**.